UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONSTANCE BOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC.,<br><br>Defendant | Case No. 2:24-cv-06818<br><br>PLAINTIFFS' MOTION TO CONSOLIDATE<br><br>Judge: Stanley R. Chesler<br>Date: June 27, 2024<br>Time: 10:30 a.m.<br>Courtroom PO No. 2 |
| GINA ADINOLFI, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>PRUDENTIAL FINANCIAL, INC.,<br><br>Defendant. | Case No. 2:24-cv-07066 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 27, 2024, in the a above-entitled Court located at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom PO No. 2, Newark, NJ 07102, Plaintiff Constance Boyd will move the Court for an Order consolidating this action with the matter of: *Gina Adinolfi v. Prudential Financial, Inc.*, Case No. 2:24-cv-07066.

The motion is brought under FRCP 42, and is based on the cases involving the same questions of fact and law, both cases involve the same defendant and same issues. Consolidation will promote judicial economy in light of these circumstances. Consolidation will avoid

1

unnecessary costs and delay as all cases can be tried as a single case, eliminating the costs and expense of a second trial on the same facts. Therefore, consolidation is requested for all purposes.

The Related Matter brings claims against the same Defendant Prudential Financial, Inc. ("Defendant"), on behalf of persons whose personally identifiable information ("PII") and/or personal health information ("PHI") was compromised in a data breach by Defendant. Consolidation of the Related Matter is appropriate given the actions are brought on behalf of substantially the same proposed class, against the same Defendant.

The motion shall be based on this notice, the attached memorandum of points and authorities, all pleadings and papers currently on file in this matter, and any arguments raised at hearing on this motion.

Dated: June 27, 2024  By:  */s/Andrew J. Sciolla*

**SCIOLLA LAW FIRM, LLC**
Andrew J. Sciolla (NJ bar 01889-2006)
Land Title Building, Suite 1910
100 South Broad Street
Philadelphia, PA 19110
T: 267-328-5245
F: 215-972-1545
andrew@sciollalawfirm.com

**LAUKAITIS LAW LLC**
Kevin Laukaitis (NJ bar 155722022)
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

**SROURIAN LAW FIRM, P.C.**
Daniel Srourian, Esq.*
3435 Wilshire Blvd., Suite 1710
Los Angeles, California 90010
Telephone:  (213) 474-3800
Facsimile:  (213) 471-4160

|  |  |
|---|---|
| Email: | daniel@slfla.com |

Counsel for Representative Plaintiffs and the Proposed Class(es)

## **MEMORANDUM OF POINT AND AUTHORITIES**

    I.    SUMMARY OF FACTS

Plaintiff Constance Boyd filed suit against Defendant Prudential Financial, Inc. for its failure to properly secure and safeguard Representative Plaintiff's and Class Members' personally identifiable information stored within Defendant's information network, including, without limitation, full names, address, dates of birth, email, phone number and Prudential ID number (these types of information, inter alia, being thereafter referred to, collectively, as "personally identifiable information" or "PII") on June 7 2024 in Case No. 2:24-cv-06818. A copy of Plaintiff's Complaint in Case No. 2:24-cv-06818 is attached hereto as Exhibit 1.

Plaintiff Constance Boyd now seeks an order from this Court ordering consolidation of the subsequently filed lawsuit ("Related Matter"): *Adinolfi v. Prudential Financial, Inc.,* Case No. 2:24-cv-07066 (Complaint attached as Exhibit 2).

    II.    CONSOLIDATION IS APPROPRIATE

FRCP 42 states:

a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

"Under the statute and the case law, there are thus two types of consolidation: a consolidation for purposes of trial only, where the two actions remain otherwise separate; and a complete consolidation or consolidation for all purposes, where the two actions are merged into a single

4

proceeding under one case number and result in only one verdict or set of findings and one judgment." *Hamilton v. Asbestos Corp., Ltd* (2000) 22 Cal.4th 1127, 1147.

Under California law, when two actions are consolidated "for all purposes," the two actions are merged into a single proceeding with only one verdict or set of findings and one judgment, and the actions are treated as if only one complaint had originally been filed. See Hamilton v. Asbestos Corp., 998 P.2d 403, 415 (Cal.2000); *McClure v. Donovan,* 205 P.2d 17, 20 (Cal.1949).

In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D.Cal.1989). There is no delay as the other case has just been filed and Consolidation under Rule 42(a) is proper where, as here, the Related Matter challenges substantially similar practices by the same defendants. See, e.g., Moore v. BPS Direct, LLC, No. 2:17-CV-03228-RMG, 2019 WL 7762196, at *1 (D.S.C. Feb. 8, 2019) (granting motion to consolidate where plaintiff's claims "arise out of a common product, incident and injury"). Each of the matters stem from persons whose personally identifiable information ("PII") and/or personal health information ("PHI") was compromised in a data breach by Defendant. Further, the Related Matter represents substantially similar putative classes of persons whose personal information was compromised in a data breach by Defendant. Indeed, Plaintiffs' matters seek to represent a class of persons whose personally identifiable information ("PII") and/or personal health information ("PHI") was compromised in a data breach by Defendant without their knowledge or consent. Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. Id. (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d

5

Cir. 1990)).The substantial similarities between the putative classes and class periods proposed in the Related Matter therefore supports consolidation.

The court should initially determine whether the cases to be consolidated involve a common question of law or fact. To determine whether consolidation is appropriate, the Court should consider the following factors: 1) timeliness of the motion, 2) complexity of the actions, and/or 3) prejudice to any party. (See Weil & Brown, *Cal. Prac. Guide: Civil Procedure Before Trial* (The Rutter Group 2011) i) 12:362, p. 12(1)-66.)

In this case, complete consolidation is appropriate given that the other case directly arise from, and relate to, common questions of law and fact with respect to the same issues, involving the same defendant. Consolidation at this point would not adversely affect either action and would instead avoid unnecessary costs, and duplication of law and motion, and inconsistent finding in the actions. In fact, were these cases considered separately, there would be a risk of inconsistent judgments when in fact the same remediation was performed for both cases.

In both cases, the Defendant is the same. Because the witnesses and evidence are the same, consolidation of the actions would promote convenience for the parties and conserve judicial resources as a whole. There is no prejudice to any of the parties were the case consolidated as all parties would benefit from the economy of consolidating the cases.

Furthermore, since Defendant has not yet filed a response to any of the complaints, the matters share substantially similar procedural postures. Consolidation will allow the parties to increase efficiency and avoid duplication during discovery without causing prejudice to either party, since the Related Matter will involve the same relevant documents and the same individuals from the Defendants will be deposed. Any differences between the actions are minor in comparison

to the overwhelming similarities in law and fact. *See In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("[T]he existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar.").

Here, there are pending actions brought against Defendants over similar conduct and the matters have not yet been consolidated. The risk that Defendant will suffer prejudice if these matters are consolidated is non-existent or negligible. Both cases are in their infancy and consolidation will not result in duplication of efforts by the parties or the Court and, in fact, will help avoid such duplication. Consolidation will promote efficient use of, and will save the financial resources and time of, both the parties and this Court, which are valuable considerations when deciding whether consolidation is appropriate. Here, consolidation serves the interest and convenience of the parties and the Court and doing so will not prejudice any party to the Related Matter. Therefore, Plaintiff respectfully requests the Court enter an Order consolidating the Related Matter here pursuant to its discretion under Rule 42(a).

III. Confer with Counsel

Since Defendants are yet to appear in the action, and since no counsel has yet contacted any Plaintiffs' counsel, Plaintiffs were unable to meet and confer pursuant to LCvR 7.1(b).

WHEREFORE, it is respectfully requested that the Court consolidate said cases for all purposes.

Dated: June 27, 2024     By:     _/s/Andrew J. Sciolla_____

**SCIOLLA LAW FIRM, LLC**
Andrew J. Sciolla (NJ bar 01889-2006)
Land Title Building, Suite 1910
100 South Broad Street
Philadelphia, PA 19110
T: 267-328-5245

F: 215-972-1545
andrew@sciollalawfirm.com

**LAUKAITIS LAW LLC**
Kevin Laukaitis (NJ bar 155722022)
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

**SROURIAN LAW FIRM, P.C.**
Daniel Srourian, Esq.*
3435 Wilshire Blvd., Suite 1710
Los Angeles, California 90010
Telephone:   (213) 474-3800
Facsimile:   (213) 471-4160
Email:       daniel@slfla.com

Counsel for Representative Plaintiffs and the Proposed Class(es)

8

**EXHIBIT 1**

**EXHIBIT 2**