# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PRUDENTIAL FINANCIAL, INC. DATA BREACH LITIGATION | Case No. 2:24-cv-06818-SRC-AME |

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS INC.

I, Meagan Brunner, declare as follows:

1. Under penalties as provided by law pursuant to 28 U.S.C. § 1746, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify that I believe the same to be true.

2. I am a Director of Client Services at Simpluris, Inc. ("Simpluris"). Simpluris is a national full-service class action notice and claims administrator.

3. Simpluris has been administering class action settlements for over fifteen years, in which time we have been appointed in over 9,000 cases and distributed over $7 billion in funds. Our leadership team has nearly 150 years of combined industry experience that includes some of the largest class action administrations in the United States, including *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.) and *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.). Recent representative cases include *Cordova et al v. United Education Institute et al*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego); *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda); *Hamilton et al v. Suburban Propane Gas Corp.*, Case No. BC433779, Cal. Sup. Ct. (Los Angeles); *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara); *Starke v. Stanley Black & Decker Inc.*, Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore); and *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.).

4. Simpluris has been selected by counsel in the captioned matter to serve as the class action Settlement Administrator in this case. Based on information provided by the parties to date, Simpluris anticipates notice and administration expenses of approximately $977,170.00.

5. Per the terms of the Settlement Agreement, in the course of this administration Simpluris will be charged with, among other responsibilities:

(a) Disseminating notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official;

(b) Establishing and maintaining an Interactive Voice Response ("IVR") settlement toll-free telephone number that will be available 24 hours a day and offer answers to frequently asked questions ("FAQs");

(c) Establishing and maintaining a settlement-specific email box which will be monitored for Class Member inquiries;

(d) Developing and maintaining an interactive settlement website that will host relevant settlement documents; allow eligible Class Members to submit claims and requests for exclusion electronically; and comply with data privacy requirements, including a detailed Privacy Policy;

(e) Processing incoming claims, requests for exclusion, objections, and related class correspondence;

(f) Mailing direct notice of the Settlement, consisting of a single postcard to provide information on how to submit a claim, the deadline to do so, and other relevant dates;

(g) Sending an email notice of the Settlement to provide information on how to submit a claim, the deadline to do so, and other relevant dates;

(h) Establishing and maintaining a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund;

(i) Calculating the amounts due to each Class Member pursuant to the Settlement;

(j) Processing payments to Class Members who make valid claims;

(k) Preparing and filing all applicable tax forms and tax returns with state and federal agencies; and

(l) Reporting on the status of the claims and distribution as required by the parties and Court.

6. Prior to sending direct notice by postcard, Simpluris will update the mailing address information for Settlement Class Members via the USPS National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS. Additionally, all addresses will be processed through the USPS Coding Accuracy Support System ("CASS") and Locatable Address Conversion System ("LACS") to ensure deliverability.

7. Postcards returned to Simpluris by the USPS with a forwarding address will be re-mailed to the new address provided by USPS, and the Settlement Class Member database will be updated accordingly.

8. Postcards returned to Simpluris by the USPS without forwarding addresses will be processed through a public records address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, and other sources, to locate updated mailing addresses. When new postal addresses are located, the Settlement Class Member database will be updated and the notice remailed.

9. Prior to sending direct email notice, Simpluris will confirm that all email addresses received are properly formatted and able to receive notice. If direct email notice is returned, or "bounced back," Simpluris will make a second attempt to re-send the email notice where feasible.

10. I believe that proposed notice plan, consisting of direct notice by postcard notification, interactive settlement website, and communication with Class Members via IVR, represents "the best notice that is practicable under the circumstances" and will fully comply with the requirements set forth in Fed. R. Civ. P. 23(c)(2)(B).

11. The proposed administration as a whole will fully implement the Settlement Agreement reached by parties.

I declare under penalty of the perjury under the laws of the United States that the foregoing is true and correct. Executed on May 23, 2025, at Louisville, Kentucky.

_____
MEAGAN BRUNNER