UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PRUDENTIAL FINANCIAL, INC. DATA BREACH LITIGATION<br><br>This Document Relates To: ALL ACTIONS | Case No. 2:24-cv-06818 |

ORDER PRELIMINARILY APPROVING
THE PROPOSED CLASS ACTION SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF AND
APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE

Plaintiffs Connie Boyd, Gina Adinolfi, John Moss, Stephanie Demaro, Anthony Guissarri, and Roger Menhennett ("Plaintiffs") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant Prudential Financial, Inc. ("Prudential") in accordance with the Stipulation and Agreement of Settlement dated May 30, 2025 (the "Settlement Agreement"), between Plaintiffs and Prudential, the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement, accompanying documents and exhibits, and the record herein, and Plaintiffs and Prudential (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this ____th day of _____, 2025, upon application of the Parties,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1

1. Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that has personal jurisdiction over Plaintiffs, Prudential, and all Settlement Class Members.

3. The Court finds that the applicable provisions of Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4. For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

All Persons in the United States who were affected by the Data Breach that Prudential made public in February 2024.

Excluded from the Class are (i) Prudential and its employees, franchisees, franchisees' employees, agents, affiliates, parents, and subsidiaries, whether or not named in the Class Action Complaint (ECF No. 1) or Consolidated Class Action Complaint (ECF No. 35) in this Action; (ii) all Settlement Class Members who timely and validly opt-out from the Settlement Class; (iii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iv) the attorneys representing the Parties in the Action.

5.  Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

   a. the Settlement Class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the Settlement Class;

   c. the claims of Plaintiff are typical of those of Settlement Class Members;

   d. Plaintiff and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

   e. common issues predominate over any individual issues affecting Settlement Class Members; and

   f. settlement of the Action on a class action basis is superior to other means of resolving this matter.

6.  The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7.  The Court appoints Connie Boyd, Gina Adinolfi, John Moss, Stephanie Demaro, Anthony Guissarri, and Roger Menhennett to serve as class representatives for settlement purposes only on behalf of the Settlement Class.

8. The Court appoints Kevin Laukaitis of Laukaitis Law LLC, Daniel Srourian of Srourian Law Firm, P.C., Andrew J. Sciolla of Sciolla Law Firm, LLC, Steven M. Nathan of Hausfeld LLP, and Joseph J. DePalma of Lite DePalma Greenberg & Afanador, as Class Counsel for settlement purposes only, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. The Court appoints Simpluris, Inc. as Settlement Administrator for purposes of the Settlement.

10. A hearing will be held on a date of the Court's convenience on or after _10/22/2025 @ 11:00 AM_ in Courtroom _2_ of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlement website at www._____.com (the "Settlement Website").

11. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such non-substantive modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12. All proceedings in this Action as to Prudential, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

4

13. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Release Claims.

14. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement, which shall begin no later than thirty (30) days after entry of this Order (hereinafter, the "Notice Date").

15. Beginning no later than the Notice Date, the Settlement Administrator shall create and maintain the Settlement Website, **www._____.com,** until the termination of the administration of the Settlement.

16. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along

with an option permitting callers to leave messages in a voicemail box. The Settlement Administrator shall also maintain an email address to receive and respond to correspondence from Settlement Class Members.

17. The Court approves in form and substance the Long Form Notice, Short Form Notice, and Claim Forms attached as Exhibits 1-3 to the Settlement Agreement. The Class Notices (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable rules or laws. Non-substantive modifications to the forms of Class Notice may be made without further order of the Court.

18. Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, Incentive Awards, or the Final Approval Order and Final Judgment, may send an Objection Notice or may appear at the Final Approval Hearing to state an objection.

19. Any Settlement Class Member who submits an Objection Notice must include in any such Notice: (i) his/her full name, address, telephone number, and e-mail address; (ii) the case name and number of the Action; (iii) the reason for the objection; (iv) the objector's

signature or the signature of someone authorized to sign on the objector's behalf; (v) the case name and civil action number of any other objections the objector or his or her counsel have made in any other class action cases in the last 4 years; and (vi) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. If represented by counsel, the objecting Settlement Class Member must also provide the name, address, and telephone number of his/her counsel. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

20. Any Settlement Class Member who fails to timely submit to the Settlement Administrator an Objection Notice by mail, email, or via the Settlement Website or appear at the Final Approval Hearing shall not be permitted to object to the approval of the Agreement and shall be foreclosed from seeking any review of the Agreement or the terms of the Agreement by appeal or other means. To be timely submitted, an Objection Notice must be postmarked, emailed, or submitted online no later than the Objection Deadline. The Court, in its discretion, may permit discovery of any objector.

21. If the date for the Final Approval Hearing is changed, the Settlement Administrator will post the new hearing date on the Settlement Website and will provide notice of the new hearing date to Settlement Class Members who submitted timely objections to the Settlement.

22. Settlement Class Members cannot both object to and exclude themselves from this Agreement. The Settlement Administrator shall attempt to contact any Settlement Class Members who submit both a Request for Exclusion and an Objection Notice at least one time

by email or, if no email address is available, by telephone where a telephone number is available, or by regular U.S. mail to give the Settlement Class Members an opportunity to clarify whether they choose to exclude themselves or proceed with their objection. The Settlement Class Member shall have until fourteen (14) days prior to the Final Approval Hearing to inform the Settlement Administrator regarding his or her final choice. Any Settlement Class Member who attempts to both object to and exclude themselves from this Agreement and fails to follow up regarding their final choice will be deemed to have excluded themselves from the Settlement and will be considered to have forfeited their objection.

23. Each Settlement Class Member wishing to opt-out from the Settlement Class must individually sign and timely send a Request for Exclusion via: (1) U.S. mail, to the address designated by the Settlement Administrator; (2) e-mail, to the e-mail address designated by the Settlement Administrator; or (3) the Settlement Website, using a form prepared by the Settlement Administrator and made available for download and/or completion on the Settlement Website.

24. For a Request for Exclusion to be properly completed and executed, it must: (a) state the Settlement Class Member's full name, address, telephone number, and email address (if applicable); (b) contain the Settlement Class Member's personal signature or the signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Action (such as a trustee, guardian, or other person acting under a power of attorney); and (c) state unequivocally the Settlement Class

Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member; *i.e.*, one request is required for each Settlement Class Member seeking exclusion.

25. To be effective, a Request for Exclusion must be postmarked, emailed, or submitted online no later than the Opt-Out Deadline.

26. Within fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of the completed Requests for Exclusion. Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than seven (7) days prior to the Final Approval Hearing.

27. All Persons who Opt-Out from the Settlement Class shall not receive any benefits of or be bound by the terms of this Agreement. All Persons falling within the definition of the Settlement Class who do not Opt-Out shall be bound by the terms of this Agreement and the Final Approval Order entered thereon.

28. The Settlement Administrator shall promptly process and review all Claim Forms for timeliness and eligibility to participate in the Settlement per the terms of the Settlement Agreement.

29. To effectuate the Settlement and the Notice Plan, in accordance with the terms of this Order and the terms of the Settlement Agreement, the Settlement Administrator

Case 2:24-cv-06818-SRC-AME   Document 47   Filed 06/05/25   Page 10 of 15 PageID:
Case 2:24-cv-06818-SRC-AME   Document 46-4   Filed 05/30/25   Page 10 of 15 PageID:
1030
1015

shall be responsible for: (a) establishing a a Settlement Website for purposes of communicating with Settlement Class Members; (b) effectuating the Notice Plan, including running Settlement Class Members' email addresses through a deliverability analysis to ensure the email addresses are valid; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) determining the timeliness and validity of each Proof of Claim and Release submitted by Settlement Class Members; (e) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release; (f) calculating and distributing each Authorized Claimant's Settlement Relief; (g) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (h) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and Prudential's Counsel; and (i) providing Class Counsel and Prudential's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

30. All Class Notice and Settlement Administration Costs shall be paid out of the Settlement Fund, pursuant to the Settlement Agreement.

31. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Settlement Relief to Authorized Claimants and shall maintain a copy of all electronic communications related to the Settlement for a period of two (2) years after the distribution,

after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

32. The Court preliminarily approves the establishment of the Qualified Savings Account as defined in the Settlement Agreement.

33. Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Prudential or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. Further any negotiations, non-public documents, and non-public discussions associated with the Settlement are not discoverable and may not be used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Plaintiff and Prudential are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

34. Class Counsel shall file their motions for payment of attorneys' fees and expenses, Incentive Awards, and final approval of the Settlement no later than sixty (60) days

after the Court issues an Order granting Preliminary Approval and with respect to the motion for final approval of the Settlement, at least thirty (30) days prior to the Final Approval Hearing.

35. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

37. In the event that the Settlement is terminated in accordance with its provisions, Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

38. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

39.     The Court's preliminary certification of the Settlement Class, appointment of Plaintiff as class representatives, and findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

40.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

41.     The schedule of events should occur as follows:

| Event | Date |
|---|---|
| Deadline for CAFA Notice | 10 days after Court grants Preliminary Approval |
| Class Notice commences | No later than thirty (30) days after entry of this Preliminary Approval Order |
| Deadline for Prudential to pay Net Settlement Fund into the QSF | The later of thirty (30) days after entry of this Preliminary Approval, provided that or twenty (20) days after the receipt of written instructions from the Settlement Administrator, as specified in the Settlement Agreement, and an executed W-9 form (if necessary). |

| | |
|---|---|
| Deadline to file Settlement Administrator's Declaration regarding implementation of Notice Plan | No later than twenty-one (21) days prior to the Final Approval Hearing |
| Deadline for Settlement Administrator to establish Settlement Website | No later than thirty (30) days after entry of this Preliminary Approval Order |
| Deadline to file Motion for Final Approval of the Settlement | At least thirty (30) days prior to the Final Approval Hearing |
| Motion for Attorneys' fees, reimbursement of costs and expenses, and service awards to be filed by Class Counsel | No later sixty (60) days after the entry of this Preliminary Approval Order |
| Postmark/Email Deadline for Requests for Exclusion (Opt-Outs) | No later than ninety (90) days after this Preliminary Approval Order. |
| Filing and Service Deadline for Objections | No later than ninety (90) days after this Preliminary Approval Order. |
| Claim Filing Deadline | No later than one hundred and twenty (120) days after this Preliminary Approval Order. |
| Deadline for the submission Affidavit or Declaration stating that the CAFA Notice has been given | 21 days before Final approval hearing |
| Deadline for counsel for any objector to file a Notice of Appearance | No later than fourteen (14) days prior to the Final Approval Hearing |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No later than seven (7) days prior to the Final Approval Hearing |

| | |
|---|---|
| Deadline to File Settlement Administrator Declaration to Distribute the Claims Payments | No later than seven (7) days prior to the Final Approval Hearing |
| Final Approval Hearing | At least one hundred fifty (150) days after entry of this Preliminary Approval Order. |

IT IS SO ORDERED.

Dated: _____, 2025        By:   /s/ _____

**UNITED STATES DISTRICT JUDGE**