UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PRUDENTIAL FINANCIAL, INC. DATA BREACH LITIGATION<br><br>This Document Relates To: ALL ACTIONS | Civil Action No. 2:24-cv-6818(SRC)(AME)<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

This matter came before the Court for a duly noticed hearing on December 3, 2025 (the "Final Approval Hearing"), upon Plaintiffs Connie Boyd, Gina Adinolfi, John Moss, Stephanie Demaro, Anthony Guissarri, and Roger Menhennett ("Plaintiffs") Motion for Final Approval of the Class Action Settlement with Defendant Prudential Financial, Inc. ("Prudential"), consented to by Prudential (together with Plaintiffs, the "Parties"). Due and adequate notice of the Settlement and Release Agreement with Prudential dated May 30, 2025 (the "Settlement Agreement") having been given to Settlement Class Members, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement, ECF No. 46-2, and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's Order Preliminarily Approving the Proposed Class Action Settlement, Scheduling Hearing for Final Approval Thereof and Approving the Proposed Form and Plan of Class Notice (the "Preliminary Approval Order"). *See* ECF No. 49; *see also* ECF No. 50. Based on the record, the Court reconfirms the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of Settlement Class Members, Fed. R.

Civ. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Plaintiffs' Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

4. The Court has personal jurisdiction over Plaintiffs, Prudential (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

5. The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of Plaintiffs' Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for an Incentive Award associated with the Action; (c)

provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

6. The Parties have complied with the requirements of the Class Action Fairness Act.

7. The persons who requested exclusion from the Settlement Class, *see* Declaration of Meagan Brunner at ¶ 23, as of the Opt-Out Deadline shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendant. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum or other tribunal.

8. All Settlement Class Members who have not opted out of the Settlement shall be bound by the Settlement Agreement and this Final Approval Order and Judgment, including the release provisions and covenant not to sue.

9. The Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

10. It is hereby determined that all Settling Class Members and Prudential are bound by the Settlement Agreement and this Final Approval Order, and the

Action and Releasing Parties' Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. The Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Plaintiffs' Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

12. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiffs or Prudential, is disapproved or materially modified in whole or in part by the Court, any appellate

court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiffs' claims shall be null and void with respect to such Settlement; Plaintiffs' claims shall be reinstated; Prudential's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

13. The Court approves the establishment of the Qualified Savings Account as defined in the Settlement Agreement.

14. Any appeal or any challenge affecting the Court's approval regarding any attorneys' fees and expense application, or the approval of the plan of allocation, shall in no way disturb or affect the finality of this Order.

15. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement. In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Prudential, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the District of New Jersey for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Plaintiffs, Prudential, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

16. The Court hereby confirms the appointment of Kevin Laukaitis of Laukaitis Law LLC, Daniel Srourian of Srourian Law Firm, P.C., Andrew J. Sciolla of Sciolla Law Firm, LLC, Steven M. Nathan of Hausfeld LLP, and Joseph J. DePalma of Lite DePalma Greenberg & Afanador, LLC as Class Counsel.

17. The Court hereby confirms the appointment of Plaintiffs Connie Boyd, Gina Adinolfi, John Moss, Stephanie Demaro, Anthony Guissarri, and Roger Menhennett as Class Representatives.

18.     The Court hereby confirms the appointment of Simpluris, Inc. as Settlement Administrator.

19.     The Court hereby approves the Releasing Parties' release of their Released Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.

20.     As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiffs, the Settlement Class and the Releasing Parties as to Prudential and the Released Parties.

21.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Prudential involving Released Claims(s), and shall also be binding on the Releasing Parties and their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

22.     The Court permanently bars and enjoins Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Prudential or any of the Released Parties based

on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Prudential or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Prudential or any of the Released Parties based on the Released Claims.

23.     Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Plaintiffs' Counsel and Prudential in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Prudential or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Plaintiffs'

Counsel and Prudential and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

24. If any balance remains in the Settlement Fund Account 90 days after the Settlement Administrator completes the process for stopping payment on any Settlement Award checks that remain uncashed, the remaining funds may, at the discretion of the Class Counsel, be allocated as a second distribution to Settlement Class Members who filed a valid claim or to Settlement Class Members who filed an untimely but otherwise valid claim. After such additional distribution, any remaining Settlement Funds will be distributed to a *cy pres* recipient approved by the Court. ECF No. 46-2 ¶ 9.9. The Settling Parties propose the Electronic Privacy Information Center ("EPIC") as the *cy pres* recipient. EPIC is a 501(c)(3) nonprofit that advocates for consumer privacy protections. *Id.* Neither the Settling Parties nor

their counsel is affiliated with EPIC. EPIC's mission to advance consumer data privacy aligns directly with the nature of the claims at issue. It is routinely approved as an appropriate *cy pres* beneficiary in data privacy class actions.

25. Any data or other information provided by Settling Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Plaintiffs' Counsel, Prudential's Counsel and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settling Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

**IT IS SO ORDERED.**

Dated: 12/3, 2025

THE HONORABLE STANLEY R. CHESLER,
UNITED STATES DISTRICT JUDGE